**Thomas GEORGE, Plaintiff,**

v.

**UNITED STATES of America, U. S. Department of Justice, U. S. District Attorney, Ralph Guy, Jr., and James Ritchie, Special Assistant U. S. District Attorney, Defendants.**

**Civ. No. 35491.**

United States District Court,
E. D. Michigan, S. D.
Nov. 20, 1970.

Arthur J. Koscinski, Detroit, Mich., for plaintiff.

Ralph G. Guy, Jr., U. S. Atty., by Jack O'Donnell, Special Atty. Organized Crime and Racketeering Section, U. S. Dept. of Justice, Detroit, Mich., for defendants.

## MEMORANDUM AND ORDER

THORNTON, District Judge.

The entitlement of the complaint herein best conveys the gist of its contents. It reads, "COMPLAINT TO ENJOIN OFFICE OF UNITED STATES DEPARTMENT OF JUSTICE, ET AL, FROM INTERROGATING THOMAS GEORGE BEFORE GRAND JURY AND FOR TEMPORARY RESTRAINING ORDER." In the opening paragraph and in the prayer for relief plaintiff seeks an injunction and temporary restraining order. A copy of said complaint is appended to this memorandum.

Briefly stated the situation here is one where the plaintiff was indicted by a United States Grand Jury May 28, 1970 on a conspiracy charge involving transmitting gambling information by use of interstate facilities. Subsequently, on or about September 24, 1970, plaintiff was subpoenaed to testify before a different grand jury. Upon his Fifth Amendment refusal to testify he was ordered to appear before the Court, at which appearance the Court entered an order granting immunity. A copy of said Order is appended hereto. After the entry of the Order on September 29, 1970 plaintiff was asked to appear before the grand jury on October 8, 1970. On this latter date plaintiff filed the within action. It will be seen from pages 4 and 5 of plaintiff's complaint that his reasons for objecting to testify before the grand jury are lettered A to G. They include constitutional rights violations as to the Fifth, Sixth and Fourteenth Amendments, irreparable harm and injury, illegality of use of grand jury for gaining testimony for use in indictment by former grand jury, possibility of penalties being imposed in civil proceedings by government agencies, possibility of plaintiff's need to testify against his wife on account of the present audit of 1966–1969 income tax returns of plaintiff and his wife and the possibility of self-incrimination in State courts.

In light of the immunity granted plaintiff pursuant to 18 U.S.C.A. § 2514, the Court finds and concludes that there is no merit to the reasons lettered A, B, C, D and G. As to reason E, the Government has represented to the Court, and it is conceded by plaintiff, that plaintiff will be afforded assistance of counsel during his appearance before the grand jury by being permitted to consult with his counsel as to any and all questions asked of him before the grand jury. As to reason F, the Court is entering contemporaneously herewith a CONFIRMATION/CERTIFICATION, copy appended hereto, to the effect that the Court's *in camera* examination of an affidavit submitted by defendant discloses that the grand jury's inquiry concerns new matters and looks to an indictment superseding the one indicting plaintiff.

Concerning the nature of proceedings before the grand jury and the independence of the grand jury with respect to the United States Department of Justice, here sought to be enjoined, the Court invites attention to the opinion of Mr. Justice Stewart in the case of Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959).

Plaintiff's request for an injunction and temporary restraining order is hereby denied.

APPENDIX

United States District Court
Eastern District of Michigan,
Southern Division

Thomas George,
          Plaintiff,
-vs-           File No. 35491
United States of Amer-
ica, U. S. Department
of Justice, U. S. Dis-
trict Attorney, Ralph
Guy, Jr., and James
Ritchie, Special Assis-
tant U. S. District At-
torney,
          Defendants.
Arthur J. Koscinski
Attorney for plaintiff
2526 Guardian Building
Detroit, Michigan 48226
962-3346

COMPLAINT TO ENJOIN OFFICE
OF UNITED STATES DEPART-
MENT OF JUSTICE, ET AL,
FROM INTERROGATING THOM-
AS GEORGE BEFORE GRAND
JURY AND FOR TEMPORARY
RESTRAINING ORDER

Now comes, THOMAS GEORGE and respectfully moves this Honorable Court for an injunction and Temporary Restraining Order, restraining the Office of the United States Department of Justice and/or any of its attorneys, agents and representatives from interrogating him before any Grand Jury for the following reasons:

1. Plaintiff, THOMAS GEORGE was indicted together with sixty-five (65) codefendants by a United States Grand Jury in the United States District Court for the Eastern District of Michigan, on May 28, 1970 for alleged violations of Title 18 U.S.C. Section 1952, 371 and 2 (alleged conspiracy to transmit gambling information by use of interstate facilities); that plaintiff stood mute to said charges and that said indictment is still pending against your plaintiff.

2. On or about September 24, 1970, your plaintiff received a subpoena from a representative of the United States Department of Justice, a copy of which is attached hereto and marked Exhibit 1, commanding him to appear before a different Grand Jury of the United States District Court for the Eastern District of Michigan for the purpose of testifying regarding the aforesaid alleged violations; further, that said plaintiff did appear on September 28, 1970 as commanded at the designated time and place and was questioned before said Grand Jury by said representative regarding the same alleged offenses (conspiracy to transmit gambling information by use of interstate facilities) for which your plaintiff is under indictment and presently awaiting trial; further, that plaintiff availed himself of his constitutional privilege against being forced to incriminate himself and declined to answer said questions.

3. Following the above events, petitioner was ordered to appear the next morning, September 29, 1970, before Honorable Thomas P. Thornton, United States District Judge, at which time Judge Thornton entered an Order of Immunity to plaintiff, THOMAS GEORGE, ordering and compelling him to testify and produce evidence with respect to the aforesaid alleged violation for which he had been indicted before the Grand Jury; further, that such Order was issued pursuant to a request and application from the United States Department of Justice; and that copies of said documents are attached hereto and marked Exhibits 2, 3, and 4.

4. At the time of issuing the aforesaid Order of Immunity, the Court advised your plaintiff that said Order encompassed all criminal prosecutions but did not immunize plaintiff from possible civil proceedings by the United States Internal Revenue Service; subsequent to the issuance of said Order of Immunity, plaintiff was commanded to appear before said Grand Jury at 2:00 p. m. on October 8, 1970.

5. At the present time and during the past sixty days, agents of the Internal Revenue Service have been investigating the joint income tax returns of your plaintiff and his wife, Mary Christine George, for the years 1966, 1967, 1968 and 1969, and have indicated to your plaintiff that he may be subjected to certain civil penalties.

6. Your plaintiff further represents that the United States Department of Justice has ordered the Michigan Bell Telephone Company to discontinue all telephone service to plaintiff's family residence in St. Clair Shores, Michigan because of the alleged gambling activities for which he is under indictment. A copy of the Order to Michigan Bell Telephone Company is attached hereto and marked plaintiff's Exhibit 5.

7. Further, that the aforesaid indictment against your plaintiff, a copy of which is attached hereto and marked Exhibit 6, alleges violation by your petition of Sections 750.301, 750.304, 750.306, 750.314 and 750.315 of the Michigan Compiled Laws concerning alleged gambling activities.

8. Plaintiff, although under indictment while appearing before the Grand Jury, will be denied the right to have his attorney with him during the interrogations thereby depriving him of the effective assistance of counsel after he has been charged with a crime and while a trial on these charges is still pending.

9. That the present Grand Jury before which the plaintiff has been ordered to testify is being used for purposes of merely discovery or preserving testimony for use in a criminal trial under indictment by a former Grand Jury.

WHEREFORE, plaintiff moves this Honorable Court upon this verified Complaint for an injunction and for a temporary restraining order to be issued forthwith and without notice, against the above named defendants or their agents from questioning plaintiff before said Grand Jury for the following reasons:

A. The issuance of a subpoena compelling plaintiff to testify without counsel to matters for which he is under indictment and awaiting trial deprives him of the rights and protection afforded him by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States.

B. The aforesaid Order of Immunity does not protect him from being subjected to penalties and forfeitures imposed in civil proceedings by agencies of the United States government.

C. Because of the present audit of the 1966–1969 income tax returns filed by plaintiff and his wife, there is a distinct probability that the area of investigation before the Grand Jury will, in effect, make plaintiff a witness against his wife and therefore, incompetent as a witness because such testimony would be subversive of the marriage relationship.

D. Because, despite the grant of immunity by this Court from prosecution in the United States courts regarding those matters covered by his testimony, it is possible that because of the dissemination of this information to state and local law enforcement authorities as described in full page articles carried by a local newspaper, the Detroit Free Press, in Section B, Sunday, September 27, 1970, that the plaintiff may be forced to incriminate himself in the courts of the State of Michigan and subject himself to prosecution in that jurisdiction.

E. Because, if compelled to testify before the Grand Jury while under a pending indictment without the presence of his attorney, plaintiff will be denied the effective assistance of counsel accorded him by the Sixth and Fourteenth Amendments to the Constitution of the United States.

F. Because the United States Supreme Court has held that a Grand Jury may not be used for purpose of merely discovering or preserving testimony for use in a criminal trial under an indictment by a former Grand Jury.

G. Because unless a temporary restraining order is issued forthwith and without notice, plaintiff and his wife will suffer immediate, substantial and irre-

parable harm and injury by reason of plaintiff's compelled testimony before the Grand Jury at 2:00 p. m., October 8, 1970.

Dated: October 8, 1970.

(s) Thomas George
Thomas George

Subscribed and sworn to before me this 8 day of October, 1970.

(s) Joseph Shaheen
Joseph Shaheen
Notary Public, Wayne County, Michigan

My commission expires:
April 11, 1972.

United States District Court
Eastern District of Michigan
Southern Division

United States of
America,
Plaintiff,

Criminal No. 44998

v.

Thomas George
Defendant.

## ORDER

The United States of America having on September 29, 1970 made written and oral application for an order confirming immunity and compelling THOMAS GEORGE, to testify and produce evidence before a duly constituted Grand Jury of the Eastern District of Michigan pursuant to Title 18, United States Code, Sections 2514 and 2516(1) (c) and (g), and;

The said THOMAS GEORGE, on September 28, 1970 having declined to answer questions before the said Grand Jury on the ground that his answers might tend to incriminate him, the aforesaid Grand Jury then and there inquiring, inter alia, into possible violations of Title 18, United States Code, Sections 1952 and 371; it is

HEREBY ORDERED, pursuant to Title 18, United States Code, Sections 2514 and 2516(1) (c) and (g), that the said THOMAS GEORGE appear forth-

with before said Grand Jury and that he be and hereby is ordered and compelled to testify and produce evidence with respect to possible violations of Title 18, United States Code, Sections 1952 and 371 before the said Grand Jury, including the questions which he refused and declined to answer as shown in the Grand Jury transcript, just read into the record before me.

(s) Thomas P. Thornton
THOMAS P. THORNTON
United States District Judge

Dated: Sept. 29, 1970

United States District Court
Eastern District of Michigan
Southern Division

In the Matter of the Special Grand Jury Investigation of Possible Violations of Title 18, United States Code, Sections 1952 and 371.

Misc. 70–592

## CONFIRMATION/CERTIFICATION

The United States Department of Justice, by its Special Attorney Jack C. O'Donnell, has submitted to the Court for an "*in camera* examination, a sworn affidavit to enable the Court to exercise its responsibility to supervise the conduct of an investigation by Special Grand Jury (Panel 3) convened on September 8, 1969, and Special Grand Jury (Panel 4) convened on September 28, 1970 within the Eastern District of Michigan." The Court has examined said sworn affidavit *in camera* and hereby confirms and certifies that the investigation therein described is a bona fide proceeding relating to new matters (as compared with those which are the subject matter of United States v. Ruggirello, et al., Criminal No. 44998, now pending in this District) looking to a superseding indictment (superseding Criminal Number 44998, *supra*).

A copy or copies of the instant document may be filed and docketed in any proceeding related to Criminal Num-

ber 44998, including any aspect of such proceeding that may have reached or be in the process of reaching an appellate level.

> (s) THOMAS P. THORNTON
> THOMAS P. THORNTON
> United States District Judge

Dated: Nov. 20, 1970